## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**RODNEY WHIDDON,**

      **Petitioner,**

**v.**                                **Case No. 4:23cv103-MW/MAF**

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS,**

      **Respondent.**
                                    /

## REPORT AND RECOMMENDATION

On March 10, 2023, Petitioner Rodney Whiddon, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed an amended petition. ECF No. 8. Petitioner Whiddon challenges his conviction and sentence entered June 13, 2017, by the Third Judicial Circuit, Taylor County, following his entry of a plea in case number 2016-CF-19-A. ECF No. 8 at 1.

On June 20, 2023, Respondent filed an answer, with exhibits. ECF No. 11. Petitioner filed a reply on September 11, 2023. ECF No. 15.

At that point, this case was placed in line for review. Once a case has been placed in line for review, as part of the Court's initial examination, the petition is checked for timeliness under the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA).  *See* <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider *sua sponte*, the timeliness of a state prisoner's habeas petition"); <u>Jackson v. Sec'y for Dep't of Corr.</u>, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that district court has discretion to raise § 2254 timeliness issue *sua sponte*).  *See also, e.g.*, <u>Sweet v. Sec'y, Dep't of Corr.</u>, 467 F.3d 1311, 1319-20 (11th Cir. 2006) (affirming dismissal of § 2254 petition as untimely and, among other things, rejecting argument that State did not preserve timeliness argument because State did not raise issue in first responsive pleading).

The Court's timeliness review in this case revealed that counsel for Respondent had overlooked the date the mandate issued in Petitioner Whiddon's state post-conviction appeal, First District Court of Appeal case number 1D22-1704.  *See* ECF No. 18 at 2.  In particular, Respondent's counsel had erroneously indicated the mandate remained pending and then concluded the § 2254 petition is timely.  *See* ECF No. 11 at 5.  In addition, counsel for Respondent did not give the Court a complete procedural history of the state court proceedings because Respondent's procedural history and exhibits did not reflect the First DCA had issued the mandate in case number 1D22-1704 on March 23, 2023.  *See* online docket at <u>https://acis.flcourts.gov</u> <u>/portal/court</u>.  *See, e.g.*, <u>Paez v. Sec'y, Fla. Dep't of Corr.</u>, 947 F.3d 649, 652

(11th Cir. 2020) (explaining "online state court dockets may not always reflect the correct filing date for purposes of calculating the statute of limitations"). Accordingly, by order on February 19, 2025, this Court directed counsel for Respondent to submit a supplemental response on timeliness and also provide any necessary supplemental exhibits with filings that may toll the AEDPA limitations period. *See* ECF No. 18. The Court allowed Respondent until March 21, 2025, to file the supplemental response, and gave Petitioner until April 21, 2025, to file a reply thereto. *Id*.

On March 20, 2025, Respondent filed the supplemental response and exhibit. ECF No. 19. Petitioner Whiddon filed a supplemental reply on April 21, 2025. ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the amended petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Rodney Whiddon challenges his conviction and sentence from the Third Judicial Circuit, Taylor County, Florida, following his entry of an open plea on June 13, 2017, in case number 2016-CF-0019, to a charge of dealing in stolen property.  *See* Ex. D at 4-12.[1]  The State entered nolle prosequis to the remaining three charged offenses (first degree murder, armed burglary, and felon in possession of a firearm), memorializing for the record that the State's position had changed because a key witness had recanted.  Ex. D at 4-6; *see* Ex. C.  That same day, the trial court sentenced Whiddon to thirty (30) years in prison as a Habitual Felony Offender, pursuant to section 775.084, Florida Statutes.  Ex. D at 50-51.

Whiddon appealed his judgment and sentence to the First DCA, assigned case number 1D17-2822, and his counsel filed an initial brief in pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting no issue of arguable merit existed.  Ex. E.  Whiddon filed a pro se brief.  Ex. F.  On January 11, 2018, the First DCA affirmed the case per curiam without a written opinion.  Ex. G; <u>Whiddon v. State</u>, 239 So. 3d 8 (Fla. 1st DCA 2018) (table).  Whiddon did not seek further review.

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 16, and "Supp. Ex. –," refer to exhibits submitted with Respondent's supplemental response, ECF No. 22.

On March 26, 2019, Whiddon filed a pro se motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. H at 11-14.  By order rendered August 16, 2019, the state trial court denied the motion.  *Id*. at 15-16.  Whiddon appealed to the First DCA, assigned case number 1D19-3999, and no briefs were filed.  Ex. H 17-18; Ex. I.  On August 31, 2020, the First DCA affirmed the case per curiam without a written opinion.  Ex. J; <u>Whiddon v. State</u>, 301 So. 3d 203 (Fla. 1st DCA 2020) (table).  The mandate issued September 29, 2020.  Ex. J.

In the meantime, on January 24, 2020, Whiddon filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. K at 13-30.  He filed an amended motion on March 9, 2022.  *Id*. at 94-103; *see id.* at 104-116 ("type-corrected copy" of amended Rule 3.850 motion).  In an order rendered April 25, 2022, the state post-conviction trial court addressed the grounds raised in the initial motion and the amended motion, and summarily denied relief.  *Id*. at 117-22 (exclusive of attachments).  Whiddon appealed to the First DCA, *id*. at 142, and no briefs were filed in assigned case number 1D22-1704, Ex. L.  On February 23, 2023, the First DCA per curiam affirmed the case without a written opinion.  Ex. M; <u>Whiddon v. State</u>, 357 So. 3d 108 (Fla. 1st DCA 2023) (table).  The mandate issued on March 23, 2023.  Supp. Ex. Q.

As indicated above, Whiddon filed a § 2254 petition in this Court on March 10, 2023.  ECF No. 1.  In that petition, Whiddon raised three grounds, each alleging ineffective assistance of counsel (IAC):

   (1) **IAC – HFO Sentence**:   "Petitioner received ineffective assistance of counsel in violation of his 6th and 14th Amendment rights of the U.S. Constitution when his trial attorney failed to object to the imposition of HFO sentence." *Id*. at 12.

   (2) **IAC – Uncharged Crimes**:  "Petitioner was denied effective assistance of trial counsel when his attorney failed to object and prevent the presentation of evidence of uncharged crimes," specifically "Petitioner's supposed decades old violent criminal past."  *Id*. at 16-18.

   (3) **IAC – Particulars of HFO Designation**:   "Petitioner was denied effective  assistance of trial counsel when his attorney failed to inform him of all the consequences of his acceptance of the state prosecutor's plea offer," specifically "never once explaining to him he would also be pleading guilty to the offense as a habitual felony offender (HFO), nor did he explain what all being designated as a HFO entailed, how such would affect the maximum penalty he faced and whether he had a valid defense to it or the offense itself."  *Id*. at 22-24.

On or about March 20, 2023, he filed "corrected copies" of the petition.  See ECF No. 5.  Because the "corrected copies" of the petition did not include his signature, this Court directed Whiddon to file an amended § 2254 petition. ECF No. 6.  He filed the amended petition on April 26, 2023, ECF No. 8, and raised three IAC grounds:

(1) **IAC – Inadequate Explanation of Plea Offer and Plea Process, and Failure to Ensure Intelligent and Knowing Plea**: "Mr. James Janousek rendered constitutionally ineffective assistance when he failed to adequately confer and advise Mr. Whiddon of the advantages and disadvantages of the State's terms and conditions resulting in the prosecution[']s last minute plea offer." *Id*. at 4; *see id*. at 5-8.

(2) **IAC – Stipulation to Factual Basis When Sufficient Factual Basis Did Not Exist**: "Mr. Whiddon was denied his Sixth Amendment Constitutional right to the effective assistance of counsel when counsel omitted his obligation to advise him of the "direct consequences" or establish a "factual basis" of his plea in violation of <u>Boykins v. Alabama</u>." *Id*. at 11. "The evidence and circumstances surrounding this case show that Mr. Whiddon did not form the required mens rea which must be proven in order to establish guilt" and "the burden is on the prosecution to prove that Mr. Whiddon had the requisite intent to commit Traffic/Dealing in stolen property." *Id*. at 12.

(3) **IAC – Expiration of Speedy Trial Time Period**: "Attorney Robert D. Baker, III, rendered constitutionally ineffective representation when he omitted filing a motion to dismiss/discharge the superseding indictment on presentation by the State because the speedy trial time period had expired thereby prejudicing Mr. Whiddon." *Id*. at 16.

Respondent filed an answer, with exhibits. ECF No. 11. Whiddon filed a reply. ECF No. 15. As indicated above, on February 19, 2025, this Court ordered a supplemental response on timeliness, ECF No. 18, which Respondent filed on March 20, 2025, ECF No. 19. Whiddon has filed a supplemental reply. ECF No. 20.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Whiddon appealed his conviction and sentence, and on January 11, 2018, the First DCA affirmed the case without a written opinion. Ex. G; Whiddon v. State, 239 So. 3d 8 (Fla. 1st DCA 2018). Whiddon did not seek additional review. Accordingly, his conviction became final for

federal habeas purposes on **April 11, 2018**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until April 11, 2019, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

On March 26, 2019, Whiddon filed a pro se Rule 3.800(a) motion in the state trial court, Ex. H at 11-14, stopping the AEDPA clock at 349 days. The AEDPA time remained tolled through Whiddon's appeal from the trial court's denial of relief and thereafter as, during the pendency of that appeal, he had filed a Rule 3.850 motion in the state trial court, Ex. K at 13-30. The First

DCA issued the mandate in Whiddon's appeal from the denial of his Rule 3.850 motion on March 23, 2023. Supp. Ex. Q. The AEDPA clock resumed running the next day, Friday, March 24, 2023, and expired 16 days later, on Sunday, April 9, 2023, so Whiddon had until Monday, April 10, 2023, to file a timely § 2254 petition.

As indicated above, Whiddon filed a § 2254 petition in this Court on March 10, 2023, before the expiration of the AEDPA limitations period. ECF No. 1. On or about March 20, 2023, he filed "corrected copies" of the petition. *See* ECF No. 5. Because the "corrected copies" of the petition did not include his signature, this Court directed Whiddon to file an amended § 2254 petition. ECF No. 6. He filed the amended petition, ECF No. 8, on April 26, 2023, after expiration of the AEDPA limitations period, albeit within the time period allowed by this Court for submission of the amended petition, *see* ECF No. 6, as Whiddon points out in his supplemental reply, ECF No. 20.

As argued by Respondent in the supplemental response, ECF No. 19 at 5, and as set forth, *supra*, the amended petition contains grounds different from those in the initial petition. *Compare* ECF No. 1 *with* ECF No. 8. Although the initial petition was timely filed, it did not toll the AEDPA limitation period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[O]ur sole task in this case is one of statutory construction, and upon examining the language

and purpose of the [AEDPA] statute, we are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition.  We also note that, when the District Court dismissed respondent's first federal habeas petition without prejudice, respondent had more than nine months remaining in the limitation period in which to cure the defects that led to the dismissal. . . . We hold that an application for federal habeas review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

In this case, Whiddon did not seek to amend his original petition. Rather, this Court directed him to file an amended petition only because the "corrected copies" he had submitted, after filing the original petition, were not signed.  *See* ECF No. 6.  *Cf*. Collins v. United States, 781 F. App'x 845, 847 (11th Cir. 2019) ("Having concluded that neither of Mr. Collins' motions to amend were untimely, the proposed amended claims did not have to 'relate back' to the original 2255 motion under Rule 15(c)."); Bender v. Dixon, No. 3:22cv797-LAC/ZAB, 2025 WL 825655, at *5 (N.D. Fla. Feb. 6, 2025) (Report and Recommendation citing Collins and explaining "[t]he Eleventh Circuit has held that if a motion to amend is filed prior to the expiration of the

limitation period, then the proposed amended claims are timely"), adopted by district court order (N.D. Fla. Mar. 14, 2025).

Any claims presented in an amended petition filed after the expiration of the AEDPA limitations period are barred unless they relate back to claims presented in the original timely petition.  In <u>Mayle v. Felix</u>, the U.S. Supreme Court held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."   545 U.S. 644, 648-50 (2005) (involving petitioner's amended petition, filed after AEDPA limitations period and adding new claim that police used coercive tactics to obtain damaging statements from him admitted at trial in violation of his Fifth Amendment right against self-incrimination, did not relate back to date of original petition, which alleged admission into evidence of prosecution witness's videotaped testimony violated his rights under Sixth Amendment's Confrontation Clause, and rejecting petitioner's argument that amended petition related back because both original petition and amended petition arose from same trial and conviction); *see* Fed. R. Civ. P. 15(c).  In particular, the Court explained:

> Congress enacted AEDPA to advance the finality of criminal convictions. *See* <u>Rhines v. Weber</u>, 544 U.S. 269, 276 . . . (2005).  To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A).  If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance. *See* [Felix v. Mayle], 379 F.3d [612], at 619 [(9th Cir. 2004)] (Tallman, J., concurring in part and dissenting in part) (Ninth Circuit's rule would permit "the 'relation back' doctrine to swallow AEDPA's statute of limitation"); [United States v.] Pittman, 209 F.3d [314 (4th Cir. 2000),] at 318 ("If we were to craft such a rule, it would mean that amendments ... would almost invariably be allowed even after the statute of limitations had expired, because most [habeas] claims arise from a criminal defendant's underlying conviction and sentence."); [United States v.] Duffus, 174 F.3d [333 (3d Cir. 1999)], at 338 ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). The very purpose of Rule 15(c)(2), as the dissent notes, is to "qualify a statute of limitations." *Post*, at 2576.  But "qualify" does not mean repeal. *See* Fuller v. Marx, 724 F.2d 717, 720 (C.A.8 1984). Given AEDPA's "finality" and "federalism" concerns, *see* Williams v. Taylor, 529 U.S. 420, 436 . . . (2000); [United States v. Hicks, 283 F.3d [380 (D.C. 2002)], at 389, it would be anomalous to allow relation back under Rule 15(c)(2) based on a broader reading of the words "conduct, transaction, or occurrence" in federal habeas proceedings than in ordinary civil litigation.

Felix urges that an unconstrained reading of Rule 15(c)(2) is not problematic because Rule 15(a) arms district courts with "ample power" to deny leave to amend when justice so requires. *See* Brief for Respondent 31-33. Under that Rule, once a responsive pleading has been filed, a prisoner may amend the petition "only by leave of court or by written consent of the adverse party."  Rule 15(a); *see* Ellzey v. United States, 324 F.3d, at 526 (AEDPA's aim to "expedite resolution of collateral attacks ... should influence the exercise of discretion under Rule 15(a)—which gives the district judge the right to disapprove proposed amendments that would unduly prolong or complicate the case.").  This argument overlooks a pleader's right to amend

without leave of court "any time before a responsive pleading is served." Rule 15(a). In federal habeas cases that time can be rather long, as indeed it was in the instant case. Under Habeas Corpus Rule 4, a petition is not immediately served on the respondent. The judge first examines the pleading to determine whether "it plainly appears ... that the petitioner is not entitled to relief." Only if the petition survives that preliminary inspection will the judge "order the respondent to file an answer." In the interim, the petitioner may amend his pleading "as a matter of course," as Felix did in this very case. Rule 15(a). Accordingly, we do not regard Rule 15(a) as a firm check against petition amendments that present new claims dependent upon discrete facts after AEDPA's limitation period has run.

Our rejection of Felix's translation of same "conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence" scarcely leaves Rule 15(c)(2) "meaningless in the habeas context," 379 F.3d, at 615. So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order. Our reading is consistent with the general application of Rule 15(c)(2) in civil cases, with Habeas Corpus Rule 2(c) and with AEDPA's installation of a tight time line for § 2254 petitions . . . .

Mayle, 545 U.S. at 662-65 (internal citations and footnotes omitted). *See, e.g.*, Mungin v. Sec'y, Fla. Dep't of Corr., 89 F.4th 1308, 1321 (11th Cir. 2024) ("In the habeas context, relation back is allowed when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.' Fed. R. Civ. P. 15(c)(1)(B). A new claim does not relate back simply 'because both the original petition and the amended pleading arose from the same trial and conviction.'").

Thus, the IAC grounds in Whiddon's amended petition are barred in federal habeas unless they relate back to the IAC grounds presented in his original petition, which was timely filed. "[I]n the habeas context, a new ineffective assistance of counsel claim must relate to the specific facts underlying an already raised claim to 'ar[i]se out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.'" Mungin, 89 F.4th at 1322 (quoting Fed. R. Civ. P. 15(c)(1)(B)). "That is, the new claim must arise out of the conduct, transaction, or occurrence in the original petition – which cannot be viewed so broadly as to allow a claim that merely involves another issue related to representation at trial." *Id*.

As set forth above, the original petition contained three IAC grounds:

(1) **IAC – HFO Sentence**:   "Petitioner received ineffective assistance of counsel in violation of his 6th and 14th Amendment rights of the U.S. Constitution when his trial attorney failed to object to the imposition of HFO sentence." *Id*. at 12.

(2) **IAC – Uncharged Crimes**:  "Petitioner was denied effective assistance of trial counsel when his attorney failed to object and prevent the presentation of evidence of uncharged crimes," specifically "Petitioner's supposed decades old violent criminal past." *Id*. at 16-18.

(3) **IAC – Particulars of HFO Designation**:   "Petitioner was denied effective  assistance of trial counsel when his attorney failed to inform him of all the consequences of his acceptance of the state prosecutor's plea offer," specifically "never once explaining to him he would also be pleading guilty to the offense as a habitual felony offender (HFO), nor did he explain

what all being designated as a HFO entailed, how such would affect the maximum penalty he faced and whether he had a valid defense to it or the offense itself." *Id*. at 22-24.

These three IAC grounds relate to Whiddon's designation as an Habitual Felony Offender and the trial court's imposition of an HFO sentence.

The amended petition raised three different IAC grounds:

(1) **IAC – Inadequate Explanation of Plea Offer and Plea Process, and Failure to Ensure Intelligent and Knowing Plea**:    "Mr. James Janousek rendered constitutionally ineffective assistance when he failed to adequately confer and advise Mr. Whiddon of the advantages and disadvantages of the State's terms and conditions resulting in the prosecution[']s last minute plea offer." *Id*. at 4; *see id*. at 5-8.

(2) **IAC – Stipulation to Factual Basis When Sufficient Factual Basis Did Not Exist**:  "Mr. Whiddon was denied his Sixth Amendment Constitutional right to the effective assistance of counsel when counsel omitted his obligation to advise him of the "direct consequences" or establish a "factual basis" of his plea in violation of <u>Boykins v. Alabama</u>." *Id*. at 11.  "The evidence and circumstances surrounding this case show that Mr. Whiddon did not form the required mens rea which must be proven in order to establish guilt" and "the burden is on the prosecution to prove that Mr. Whiddon had the requisite intent to commit Traffic/Dealing in stolen property." *Id*. at 12.

(3) **IAC – Expiration of Speedy Trial Time Period**:  "Attorney Robert D. Baker, III, rendered constitutionally ineffective representation when he omitted filing a motion to dismiss/discharge the superseding indictment on presentation by the State because the speedy trial time period had expired thereby prejudicing Mr. Whiddon." *Id*. at 16.

These three IAC grounds relate to Whiddon's counsel's explanation of the

plea offer, the plea process, and the alleged expiration of the speedy trial period.

Thus, the three grounds in the original petition concern counsel's alleged deficiencies regarding Whiddon's designation as an HFO and his HFO sentence. None of the grounds in the amended petition concern this or even the sentencing portion of the proceeding; rather the three grounds in the amended petition concern counsel's explanation of the plea offer, the plea process, the factual basis, and the speedy trial period. *Compare* ECF No. 1 *with* ECF No. 8  *See, e.g.*, <u>Dean v. United States</u>, 278 F.3d 1218, 1221 (11th Cir. 2002) ("[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."); <u>Bradley v. Sec'y, Fla. Dep't of Corr.</u>, No. 17-12926-K, 2018 WL 3238836, *18 (11th Cir. April 2, 2018) (citing <u>Dean</u> and explaining, "[T]o relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." (citations omitted)). Therefore, the IAC grounds in Whiddon's amended petition do not relate back to the IAC grounds and allegations in the original petition.

In addition, to the extent Whiddon asserts entitlement to equitable tolling based on this Court's directive to file an amended petition in a timeframe that extended beyond expiration of the AEDPA limitation period, nothing he has presented demonstrates that his untimely filing of the grounds raised in the amended petition was the result of circumstances beyond his control and unavoidable with diligence.  *See, e.g.*, Holland v. Florida, 560 U.S. 631, 649 (2010) (explaining habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) ("Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.  Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.   The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." (quotations and citations omitted)).  As explained above, Whiddon timely filed his original § 2254 petition.

Because he did not sign the "corrected copies," this Court directed him to file an amended petition. For some unexplained reason, Whiddon then raised only three new grounds in the amended petition. If Whiddon had signed the "corrected copies" of the original petition or if Whiddon's amended petition had contained the same grounds as the original petition, or even grounds that related back to the original grounds, no issue regarding timeliness would exist. *See generally* <u>Thompson v. Smith</u>, 173 F. App'x 729, 733 (11th Cir. 2006) ("These circumstances were not 'extraordinary' because the ultimate failure to file within the statutory period was a direct result of decisions made and actions taken by the petitioner or his attorney. Having created the situations that caused their petitions to be time-barred, those litigants could not then avail themselves of the equitable power of the district court.").

Based on the foregoing, the three grounds raised in Whiddon's amended § 2254 petition are time-barred and do not relate back to the original grounds. Accordingly, the amended petition should be dismissed.

## <u>Conclusion</u>

The grounds raised in the amended § 2254 petition are untimely and do not relate back to the original petition. Therefore, it is respectfully recommended that the amended petition, ECF No. 8, be **DISMISSED as untimely**.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition (ECF No. 8) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2025.

> **S/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**